UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN AGUIAR,

      Petitioner,

    v.                                          CIVIL ACTION NO. 24-10987-IT

FRED BOWERS,

      Respondent.

**ORDER VACATING PRIOR ORDERS, DENYING PETITION AND DISMISSING ACTION FOR LACK OF JURISDICTION**

May 28, 2024

**TALWANI, D.J.**

    After review of Petitioner Stephen Aguiar's Notice to the Court [Doc. No. 8] submitting proof that the $5.00 filing fee was withdrawn from his prison account and Motion to Alter or Amend the Judgment [Doc No. 10] based upon payment of the filing fee, and the court's receipt of the $5.00 filing fee, see Receipt [Doc. 9], the court VACATES its prior orders [Doc. Nos. 5 and 6] dismissing the action for failing to comply with the court's Procedural Order [Doc. No. 4].

    Upon the court's preliminary review of Aguiar's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1], the court finds, however, that it is without jurisdiction. Accordingly, as detailed below, the Petition is DENIED and this action is DISMISSED for lack of jurisdiction.

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which is applicable to 28 U.S.C. § 2241 cases pursuant to Rule 1(a)), "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" See also 28 U.S.C. § 2243 (if

"it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted"). Here, it plainly appears that Aguiar is not entitled to habeas relief.

Aguiar is a federal prisoner serving his sentence at FMC-Devens. He claims that the Bureau of Prisons improperly denied his transfer request from FMC-Devens to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act's expanded discretionary authority to transfer certain federal prisoners to home confinement during the COVID-19 pandemic. See CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). He reports that the BOP initially denied the request based upon Aguiar's 2009 supervised release violation, determining that he was ineligible, and later for the additional reason that BOP's expanded authority to transfer a prisoner to home confinement under the CARES Act had expired.

Aguiar seeks relief on the grounds that he was improperly denied transfer to home confinement because he was eligible for transfer under the CARES Act and that he was actually innocent of his supervised release violation that was a basis of denial. The court cannot reach the merits of the petition, however, because the BOP's "decision to place a prisoner in home confinement under the CARES Act lies within the sole discretion of the BOP, and is not reviewable by this Court." Peters v. Boncher, No. CV 22-11503-JGD, 2023 WL 387612, at *4 (D. Mass. Jan. 25, 2023) (collecting cases).[1] The petition must therefore be denied.

---

[1] The court construes Aguiar's petition as a challenge to the BOP's decision as to Aguiar's home confinement transfer request under the CARES Act, and not an independent challenge of his supervised release revocation sentence. To the extent that Aguiar is attempting to challenge his supervised release violation findings on the grounds of actual innocence, this argument was apparently rejected in his 28 U.S.C. § 2255 motion before the sentencing court. See U.S. v.

In the alternative, the action is moot -- and the court is, again, without jurisdiction -- because the CARES Act's expanded authorization of the BOP's authority to transfer prisoners to home confinement has expired, and the pendency of Aguiar's request for transfer, administrative appeal, and petition to this court does not preserve that authorization. See Watson v. Warden, No. CV DLB-23-964, 2024 WL 308958, at *2 (D. Md. Jan. 26, 2024) (dismissing petition for writ of habeas corpus for lack of jurisdiction as moot where CARES Act authorization ended after petition filed) (collecting cases). Indeed, "[n]o order from the Court could yield the relief [Aguiar] is seeking, as the BOP simply does not have the authority for expanded home confinement since the sunset of the [applicable] CARES Act provisions." Id. at *3.

Accordingly, in the absence of jurisdiction, the petition must be denied and the action dismissed.

.**SO ORDERED.**

May 28, 2024                                     /s/ Indira Talwani
                                                 Indira Talwani
                                                 United States District Judge

---

Aguiar, No. 2:00-CR-119, 2018 WL 10669767, at *10 (D. Vt. Mar. 26, 2018), report and recommendation adopted, No. 2:00-CR-119, 2020 WL 1929069 (D. Vt. Apr. 21, 2020). This court need not, and does not, entertain Aguiar's challenge of his 2009 supervised release revocation again. See 28 U.S.C. § 2255(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."). It appears that such an independent challenge would be an unauthorized second or successive petition under 28 U.S.C. § 2255(h).